## LORIA v. PIAZZA.

### No. 17060.

Court of Appeal of Louisiana. Orleans.
Feb. 6, 1939.

James G. Schillin, of New Orleans, for appellant.

Guy J. D'Antonio, of New Orleans, for appellee.

WESTERFIELD, Judge.

Dr. Frank Loria brings this suit against Paul Piazza for $200, as a fee for professional services rendered his married daughter, Mrs. Vincent DiSalvo. The defendant admits that plaintiff rendered medical services to his daughter and does not contest the amount of the claim, but denies all legal responsibility therefor.

There was judgment below in favor of plaintiff as prayed for and defendant has appealed.

Plaintiff's case rests upon an alleged verbal agreement with Piazza to pay his fee. He testified that Mrs. DiSalvo was in need of an operation and that on the day she was sent to the Touro Infirmary for that purpose, defendant came to the home of his son-in-law and, in the presence of Mr. & Mrs. DiSalvo, made arrangements to pay for the hospital expenses and for his fee. Piazza and his son-in-law, DiSalvo, deny that this agreement was made. It appears, however, that the Touro Infirmary was paid in two installments, one by a check of Paul Piazza of $86.85 and another in cash amounting to $90.37 made by Vincent Piazza, defendant's son. It also appears that Miss Mamie Henderson and Miss Inez Foret, special nurses who attended Mrs. DiSalvo during her illness, were paid by checks issued by Paul Piazza,

and one of them, Miss Henderson, testified that Mrs. DiSalvo, while in the hospital, told her that her father was paying all of her expenses. DiSalvo, the record indicates, was in impecunious circumstances, and that Piazza was comparatively affluent. Dr. Loria's testimony, in addition to the corroboration of the witness referred to, is supported by the natural presumption that a father, under the circumstances, would be willing to assume the expenses of a necessary operation for the relief of his daughter who was very seriously ill.

In Hyman v. Vitrano, 2 La.App. 59, a very similar case was considered by this Court. In that case we said:

"Where the father of a married woman engages a physician to treat his daughter, he is liable for the value of the physician's services notwithstanding the legal responsibility of the daughter's husband." (Syllabus by the Court)

In this case, like the Hyman Case, there is only a question of fact involved, to-wit, did the father employ the doctor to treat his married daughter. Here, the question was determined by the learned judge, a quo, in the affirmative and we are of opinion that his conclusion is correct.

For the reasons assigned the judgment appealed from is affirmed.

Affirmed.